# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**                                                         **Case No. 06-20138-01-JWL**

**TONY LEE FREEMAN**

      **Defendant.**

## MEMORANDUM AND ORDER

The defendant Tony Lee Freeman is charged with two counts of possessing with intent to distribute cocaine. This matter is before the court on Mr. Freeman's motion to suppress (doc. #46) which challenges the seizure of a tape recorder and microcassette tape seized pursuant to a search warrant executed on June 23, 2006. On April 9, 2007, the court held an evidentiary hearing regarding the motion. At the hearing, the government presented testimony from Darren Eichinger, a detective employed by the Labette County Sheriff's Department. After thoroughly considering the parties' arguments and the evidence, the court will deny the motion.

## I.  Findings of Fact

In June of 2006, Detective Eichinger prepared an affidavit and application for a search warrant pertaining to a residence located in Parsons, Kansas. A search warrant for the residence was issued on June 21, 2006; that day, Detective Eichinger and other representatives from the sheriff's department executed the warrant. The search warrant authorized the seizure of:

>Marijuana and any controlled substances; any identification of individuals present or found to be associated with the commission of the crimes; paperwork; tax records, currency, coin, or other proceeds; items used or associated with producing, processing, preparing, selling, packaging, repackaging, storing, containing, concealing, using, ingesting, inhaling, or otherwise introducing controlled substances into the human body. Firearms, electronic equipment, or other items that could be used to facilitate the commission of these crimes. Computers, including but not limited to their hardware, software, manuals, storage components, disks, CD ROM, photos, video tape, and printers that could be used to facilitate the commission of these crimes.

When executing the warrant, two detectives, Scott Gofourth and Kenny Stenrod, discovered a locked briefcase at the foot of the bed where Mr. Freeman was sleeping containing letters, tax records, and a micro-cassette recorder; inside the recorder was a cassette tape. After listening to the tape, the detectives identified what they believed to be incriminating statements made by Mr. Freeman regarding drug transactions. The detectives summoned Detective Eichinger to listen to the tape. Although he had difficulty understanding the tape the first time, Detective Eichinger understood the incriminating statements the second time, after the other detectives directed his attention to them.

At the hearing, Detective Eichinger testified that among other things, the officers were searching for records of drug transactions. According to Detective Eichinger, the officers believed the microcassette recorder to be relevant to the search for drug evidence because it

2

could be utilized to record drug transactions. Detective Eichinger further testified that he thought he was authorized to seize the tape and listen to it pursuant to the search warrant because he believed it was covered under the part of the warrant regarding electronic equipment. Detective Eichinger also testified that in his experience, he had never found records of drug transactions on a tape recorder like the one seized in this case.

**II.    Analysis**

 A.    *Seizure of Tape Recorder and Microcassette Tape*

Mr. Freeman first argues that the officers exceeded the scope of the warrant in seizing the tape recorder and the microcassette tape inside the recorder because those items were not specifically listed in the warrant. "The Fourth Amendment requires that a search warrant describe the things to be seized with sufficient particularity to prevent a general exploratory rummaging in a person's belongings." *United States v. Carey*, 172 F.3d 1268, 1272 (10th Cir. 1999). "The test applied to the description of items to be seized is a practical one." *United States v. Janus Industries*, 48 F.3d 1548, 1554 (10th Cir. 1995). The Tenth Circuit recently reiterated that a warrant satisfies the particularity requirement if the description of items "'enables the searcher to reasonably ascertain and identify the things authorized to be seized.'" *United States v. Sells*, 463 F.3d 1148, 1154 (10th Cir. 2006)(quoting *United States v. Leary*, 846 F.2d 592, 600 (10th Cir. 1988)).

The court finds the seizure of the tape recorder was proper because it constituted "electronic equipment" that could be used to facilitate the commission of the crimes being investigated by the officers and thus was authorized by the specific language of the warrant.

Although the term "electronic equipment" is a generic term, the Tenth Circuit has recognized that "[e]ven a warrant that describes the items to be seized in broad or generic terms may be valid when the description is as specific as the circumstances and the nature of the activity under investigation permit." *Id.* (citing *Leary*, 846 F.2d at 600). In this case, the warrant permitted the officers to search for "electronic equipment, or other items that could be used to facilitate the commission of" the drug crimes being investigated. The Tenth Circuit has consistently "upheld warrants cast in comparably broad terms, where the subject of the search was a drug trafficking or drug dealing business, and where circumstances permitted only a more general listing of the items to be seized." *United States v. Henderson*, 190 Fed. Appx. 667, 675 (10th Cir. 2006)(citing *United States v. Wicks*, 995 F.2d 964, 973 (10th Cir. 1993)). Thus, the warrant was sufficiently particular in that it required that the electronic equipment be related to drug crimes. *See id.*

The court also finds that the seizure of the tape itself was authorized under the warrant because the tape bore a "reasonable relation to the item[s] named in the warrant."*United States v. Gentry*, 642 F.2d 385, 357 (10th Cir. 1981). "When a logical nexus exists between seized but unnamed items and those items listed in the warrant, the unnamed items are admissible." *Id.* at 387 (citing *Mesmer v. United States*, 405 F.2d 316 (10th Cir. 1969))(further citations omitted). The warrant in this case specifically authorized the seizure of items which could contain records of drug transactions, namely: paperwork, tax records, computer hardware, software, storage components, disks, CD ROM, photos, and video tapes. Certainly there is a logical nexus, as described in *Gentry*, between these items and a microcassette tape, which is reasonably related

4

to records of drug transactions.

Moreover, the court notes that drug agents are given some latitude in this area, recognizing "the reality that few people keep documents of their criminal transactions in a folder marked 'drug records.'" *United States v. Emmons*, 24 F.3d 1210, 1216 (10th Cir. 1994)(citing *United States v. Wicks*, 995 F.2d 964, 974 (10th Cir. 1993)).  Detective Eichinger testified that in his experience, when searching for drug evidence, one of the things he looks for is records of drug transactions.  Although he had not encountered a microcassette tape previously in his investigations, Detective Eichinger testified that he recognized that a microcassette recorder could be utilized to record drug transactions.  "In the age of modern technology and commercial availability of various forms of items, the warrant could not be expected to describe with exactitude the precise form the records would take." *United States v. Reyes*, 798 F.2d 380, 382-83 (10th Cir. 1986)(citations omitted). Therefore, it was not improper for the officers to seize the tape because it was reasonable to expect that it would contain records of drug transactions.

Finally, the court points out that there is no evidence in this case, nor does Mr. Freeman argue, that the officers engaged in the sort of "general exploratory rummaging" the Fourth Amendment was designed to prevent.  Accordingly, the court concludes that the seizure of the tape did not run afoul of Mr. Freeman's Fourth Amendment rights.

*B.    Listening to Tape*

Mr. Freeman further argues that even if the officers were authorized to seize the tape recorder and microcassette tape, they were required to obtain a second warrant to listen to the contents of that tape. Mr. Freeman relies on *United States v. Carey*, 172 F.3d 1268 (10th Cir.

1999) in making this argument. In *Carey*, the initial warrant authorized a search of the defendant's computer for evidence of drug trafficking crimes. *Id.* at 1272-73. Once the officers discovered evidence of child pornography, however, they were required to obtain a second warrant to search for evidence of that crime. *Id.* at 1273-74. Thus, the Circuit concluded, the officers exceeded the scope of the warrant by opening files they knew, or at least expected, would contain evidence of child pornography rather than evidence of drug trafficking. *Id.* at 1273, 1276.

The court finds that this case is more analogous to *United States v. Grimmett*, 439 F.3d 1263, 1268-69 (10th Cir. 2006) than to *Carey*. In *Grimmett*, the defendant relied on *Carey* in arguing that although the initial warrant authorized the *seizure* of his computer, a second warrant was required to *search* that computer. *Id.* at 1268. The Circuit, however, disagreed and distinguished the case from *Carey*, stating that:

> *Carey* does not support Mr. Grimmett's argument, but simply stands for the proposition that law enforcement may not expand the scope of a search beyond its original justification. In this case, unlike the search in *Carey*, where the probable cause that permitted the search related to drugs, the original justification for the search and seizure of the computer was the probable cause to believe the defendant possessed child pornography. We hold that the evidence obtained in the search of the defendant's computer was consistent with the probable cause originally articulated by the state court judge; hence, the search was permissible under *Carey*.

6

*Id*. at 1268-69.

Similarly, in this case, the only incriminating statements on the tape related to drug transactions. Thus, unlike the facts in *Carey*, there is no indication in this case that the officers abandoned their search for evidence of drugs and began searching for evidence of other unrelated crimes. Therefore, because they did not expand the scope of the search beyond its original justification, that is, probable cause to believe the defendant had committed drug crimes, listening to the tape was proper. *See id*.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to suppress (doc. #46) is denied.

**IT IS SO ORDERED.**

Dated this 23rd day of April, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge