**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**  ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Case No. 06-20138 |
| ) | 08-2577 |
| **TONY LEE FREEMAN,** ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

**MEMORANDUM AND ORDER**

In 2007, Tony Lee Freeman pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine or cocaine base. In the plea agreement executed by Mr. Freeman, he waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction, and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001). Mr. Freeman was sentenced to 120 months in prison.

Mr. Freeman's case is once again before this court because he has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 100). He argues that his attorney was ineffective for failing to inform him that he was waiving his right to collaterally attack his sentence. Mr. Freeman also contends that his attorney failed to object to or challenge the constitutionality of 21 U.S.C. § 851, which allowed prior convictions to enhance his sentence. And he maintains that his attorney neglected to

investigate the truth of the § 851 information and that the short time period between the Government filing the § 851 information and the Government's plea deadline pressured him into signing the plea agreement.

In response, the government contends that Mr. Freeman's ineffective assistance claim concerning the waiver in his plea agreement does not satisfy the two-prong test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and that the claims concerning his sentence and the effect of § 851 have been expressly waived by Mr. Freeman in his plea agreement–a waiver that the government moves to enforce (Doc. 103). In response to the government's motion, Mr. Freeman reiterates his argument that the waiver is unenforceable given his attorney's ineffectiveness.

As explained below, the court concludes that Mr. Freeman's ineffective assistance claim concerning his plea does not satisfy *Strickland v. Washington*, that enforcement of the waiver does not result in a miscarriage of justice, and that he has waived his claims concerning his sentencing. Thus, Mr. Freeman's petition is denied in part and dismissed in part and the government's motion to enforce is granted.

## DISCUSSION

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United*

*States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

**1.      Scope of the Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Freeman waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

3

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Mr. Freeman clearly waived the right to challenge the sentence imposed by the court and the effect of § 851 on his sentence. However, his ineffective assistance claim concerning the waiver of collateral attack arguably falls within *United States v. Cockerham* and the court discusses that claim more fully below.

**2.    Knowing and Voluntary**

Mr. Freeman argues that the waiver of his right to collaterally attack his sentence was not knowing and voluntary. According to Mr. Freeman, his counsel was ineffective for failing to inform him that the plea agreement included a waiver of the right to collaterally attack his sentence.

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors–whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007).

Both conditions are satisfied here. Paragraph 10 of Mr. Freeman's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence").

In addition, the court, during its Rule 11 colloquy with Mr. Freeman, specifically discussed that he had waived his right to challenge his sentence through a § 2255 motion. Mr. Freeman understood that he had waived his right to assert such claims and that he was entirely willing to do so. *See id.* (finding that defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because defendant testified at the plea colloquy that he was competently, knowingly, freely and voluntarily entering his plea and waiving his constitutional rights, including his right to appeal) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.")).

5

Thus even if Mr. Freeman's attorney did fail to explicitly mention the collateral attack waiver, this failure did not prejudice Mr. Freeman given that both the plea document and the judge informed Mr. Freeman about the waiver.

### 3. Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327.

Other than the ineffective assistance claim rejected above, Mr. Freeman does not raise any other claim that would fall into one of the four situations described by *Hahn*. Thus, the court is satisfied that enforcing the waiver would not result in a miscarriage of justice.

### 4. Conclusion

Having concluded that the waiver contained in Mr. Freeman's plea agreement was knowing and voluntary and that enforcing it will not result in a miscarriage of justice, the court grants the government's motion to enforce and dismisses Mr. Freeman's claims concerning errors in sentencing and the application of § 851.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 100) is denied in part and dismissed in part, and the Government's Motion to Enforce Waiver of Collateral Attack (Doc. 103) is granted.

**IT IS SO ORDERED** this 26th day of March, 2009.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge